# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 13, 2015

No. 14-60268
Summary Calendar

Lyle W. Cayce
Clerk

VICTOR MANUEL GIRON RAMIREZ, also known as Victor Manuel Giron,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A087 935 318

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Victor Manuel Giron Ramirez, a native and citizen of El Salvador, petitions for review of the order of the Board of Immigration Appeals (BIA) dismissing his appeal from the order of the immigration judge (IJ) denying his application for withholding of removal. Giron Ramirez maintains that the IJ and BIA erred by denying his application for withholding of removal because his testimony and the evidence of conditions in El Salvador showed that there

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60268

is a clear probability that, if he is removed to El Salvador, he will be persecuted by gangs on account of his membership in the particular social group of individuals forced to leave their countries after being harmed by gangs.  He argues that the boundaries of his putative social group are his refusal to join the gangs at a young age, the beating he received for refusing to join the gang, and his flight from his homeland to save his own life.

In order to be entitled to withholding of removal, a petitioner must show a clear probability of persecution, i.e., that it is more likely than not his life or freedom will be threatened based on one of five enumerated grounds, including membership in a particular social group.  *Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004); 8 C.F.R. § 208.16(b).  To show persecution based on membership in a particular social group, the alien must show he is a member "of a group of persons that share a common immutable characteristic that they either cannot change or should not be required to change because it is fundamental to their individual identities or consciences."  *Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012) (internal quotation marks and citation omitted).  In considering whether a particular social group exists, the BIA considers "(1) whether the group's shared characteristic gives the members the requisite social visibility to make them readily identifiable in society and (2) whether the group can be defined with sufficient particularity to delimit its membership."  *Id.* at 519 (internal quotation marks and citation omitted).  This court reviews for substantial evidence the decision to deny withholding of removal, and it will not reverse unless the record compels it.  *See Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).

Giron Ramirez's proposed social group of young Salvadoran men that have fled in the face of forced gang recruitment and violence lacks the particularity and social visibility to constitute a particular social group under

2

No. 14-60268

immigration law. *See Orellana-Monson*, 685 F.3d at 521-22. Thus, he has not shown a likelihood of persecution based upon his membership in a particular social group. *See id.* at 522. Accordingly, as nothing in the administrative record compels a contrary conclusion to that of the BIA, *see Zhang*, 432 F.3d at 344, Giron Ramirez's petition for review is DENIED.